### CHARLES C. PAINE *vs.* CITY OF BOSTON.

In assessing damages for taking a portion of an estate for widening a street, no allowance should be made for an increased injury to the residue of the estate from a supposed easement of light and air, claimed by an adjoining proprietor, unless its existence is proved or admitted by the petitioner.

Evidence of actual sales of other similar land in the vicinity is competent, to aid in determining the value of land taken for widening a street. And if evidence of sales of other land on the same street, and within one hundred and seventy-six feet, is rejected on the sole ground that it is too remote, this is sufficient reason for granting a new trial.

PETITION for a jury to assess damages caused by taking a portion of a lot of land on North Street in Boston, for the purpose of widening that street.

At the trial in the superior court, it appeared that about half of the whole lot was taken; and, to show special damage, the petitioner offered evidence that three windows have long existed on an adjacent estate, overlooking the premises; that the owner thereof claimed the right to maintain them; and that the taking of a portion of the petitioner's lot made the right claimed by the adjacent owner more injurious to the remainder than it had previously been. The petitioner did not prove or admit, however, that such right existed, and *Vose*, J. ruled that the evidence was therefore incompetent.

To show the value of the land taken, the petitioner offered evidence of sales of several lots on North Street, with the prices paid for the same. One of these lots was at a distance of one hundred and seventy-six feet from the land taken. The judge excluded the evidence on the ground that the lots were too remote from the land of the petitioner.

The jury returned a verdict assessing damages, and the petitioner alleged exceptions.

*R. T. Paine, Jr.* for the petitioner.

*J. P. Healy,* for the respondents.

BIGELOW, C. J. 1. The claim for damages on account of the existence of certain windows in the building adjoining the petitioner's estate was rightly rejected. Unless the owner of the building had a legal right to keep these windows open, in order to enjoy an easement of light and air, the petitioner could at any time erect an obstruction on his own estate to prevent any injury which might arise from the use of the windows to overlook his premises. No such right was shown, and none could exist except by actual grant. *Carrig* v. *Dee*, 14 Gray, 583. There was, therefore, no foundation laid for any special damage which could arise to the petitioner's estate from the exercise of any easement over it by the adjacent owner.

2. Evidence of actual sales of lots of land on the same street, which was offered by the petitioner, was not incompetent on the ground on which it was rejected by the judge. Assuming, as we are bound to do under the statement in the exceptions, that there was no other valid objection to the evidence than the

distance of the lots from that belonging to the petitioner, we are of opinion that evidence of the price for which they were sold was competent and relevant to the issue.   No doubt, it was the province of the judge to determine whether the lots, concerning the sale of which the petitioner offered evidence, were so similar in their situation, relative position and other circumstances bearing on their value, as to make the sale of them evidence which would properly guide the jury in estimating the value of the petitioner's land.   If, on a consideration of all the circumstances, he had rejected evidence concerning them, his ruling would not have been open to exception.   But the exclusion of the evidence was put solely on the ground that the lots were at too great a distance from the land of the petitioner. To sustain the ruling, it would be necessary for us to decide that the price paid for a lot of land situated on the same street with that which was the subject of controversy could not be shown, because it was one hundred and seventy-six feet distant therefrom.   Such is not the rule of law.   Sales of land in the vicinity were competent, if the lots were in all respects similar to that owned by the petitioner; and evidence concerning such lots could not properly be rejected.   *Davis* v. *Charles River Branch Railroad,* 11 Cush. 506.   *Wyman* v. *Lexington & West Cambridge Railroad,* 13 Met. 316.       *Exceptions sustained.*